**RECEIVED**
NOV 1 3 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**ORIGINAL**

Mr. Frank Voth
Sid: [6100632]
82911 Beach Access Road
Umatilla, Oregon [97882]
Phone (541) 992-2013
Pro Se Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Frank Voth, ) | Case No. 06-1549-RWR |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | MOTION FOR PARTIAL |
| ) | SUMMARY JUDGMENT |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | PHONE CONFERENCE REQUESTED |

**LR 7.1 CERTIFICATION**

Pursuant to LR 7.1(a), plaintiff certifies that he has confered in good-faith with the Honorable Arnold Havens, General Counsel of the Department of Treasury. The parties were unable to resolve the matters raised in this Motion.

**QUESTION PRESENTED**

Pursuant to LR 7.1(e), plaintiff clarifies that this Motion presents the question of whether, based on the pleadings, admissions in accordance with Uniform Commercial Codes (UCC), together with the affidavit from plaintiff, a genuine issue of material fact exists as to whether plaintiff is entitled to a judgment that the defendant's agent neglected, and breached its responsibility and duty to keep a record, and certify the Bond(s) issued for the commercial proceedings **State v. Voth, 8912-37108(1989)**.

**MOTION**

Pursuant to Fed. R. Civ. P. 56, plaintiff moves the Court for an order granting partial summary judgment against the defendant's liability, even though a genuine issue may exist as to the actual amount of damages plaintiff is entitled to be awarded for the injury suffered from the defendant's agent acts and omissions in this action.

/

Page 1-MOTION FOR PARTIAL SUMMARY JUDGMENT

1  This Motion is supported by plaintiff's Concise Statement of Material Facts, plaintiff's Memorandum in Support of
2  Summary Judgment, the pleadings submitted to date, and the Affidavit of Frank Voth in support of plaintiff's Motion
3  for Summary Judgment. Plaintiff request a Phone Conference for the Motion at (541) 992-2013.
4
5  Dated: 11-7-06             .
6
7  Without prejudice,
8
9
10
11
12  _____
13  Frank Voth-[6100632]
    82911 Beach Access Road
    Umatilla, Oregon [97882]
14
15  Pro Se Plaintiff
16
17
18
19  ////////
20  ///////
21  //////
22  /////
23  ////
24  ///
25  //
26  /

Page 2 MOTION FOR PARTIAL SUMMARY JUDGMENT

**ORIGINAL**

Mr. Frank Voth
Sid: [6100632]
82911 Beach Access Road
Umatilla, Oregon [97882]
Phone (541)992-2013
Pro Se Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| Frank Voth, | ) | Case No. 06-1549-RWR |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM IN SUPPORT OF |
| | ) | MOTION FOR PARTIAL SUMMARY |
| UNITED STATES OF AMERICA, | ) | JUDGMENT |
| Defendant. | ) | |

I.  INTRODUCTION

Plaintiff, Frank Voth, seeks partial summary judgment against the defendant's agent for neglecting, and breaching a legal duty owed to plaintiff imposed by Federal law(s).

The defendant's agent, 'Secretary of the Treasury for the United States,' is the sole individual with the liability for securing and maintaining the bookkeeping of 'Commercial Crime Penal Bond(s) Certifications' which secured the finacing and/or pledge for the alleged commercial crimes in **STATE OF OREGON v. Frank Everett Voth, 8912-37108(1989)**.

On June 22, 2005, plaintiff filed a 'Freedom Of Information Request For ALL Information On The Criminal Bonds and/or Penal Bonds' for the undertakings in the judicial proceedings **State v. Voth, 8912-37108(1989)**. On August 31, 2005, the "Executive Office for the United States Attorneys" in Washington D.C. sent plaintiff a Notice that no record of any penal bonds exist for the abovecited judicial proceedings authorized from the Secretary of the Treasury for the United States.

The defendant's agent, Secretary of the Treasury, has a binding legal duty imposed by federal laws and rules to have a bond, stipulation, or other undertakings in the judicial proceedings **State v. Voth, 8912-37108(1989)** secured by a corporate surety holding a Certificate of Authority from the defendant's agent.

/

Page 1-MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper where there is no genuine isssue of material fact and the moving party is entitled to judgment as a matter of law. FRCP 56(c). The moving party is responsible for informing the district court of the basis for its motion, and identifying the absence of genuine issues. The non-moving party then must produce evidence of specific facts, beyound the face of its pleadings, which would lead a reasonable jury to rule in its favor on each element of its claims. All inferences must be viewed in a light most favorable to the non-moving part.

## III. PROCEDURAL HISTORY

Plaintiff has been persuing his claim(s) informally and through litigation since at least Feburary 13, 2006, when plaintiff sent a 'Notice Of Federal Tort Claim' to the defendant. The Notice is introduced as an exhibit (See, Ex. 3A; 3B & 3C) and is attached to plaintiff's Affidavit as an Exhibit. After the defendant's agent failed to respond to the Notice of Tort Claim within six (6) months in accordance with Title 28 USC § 2672 plaintiff elected to persue his claim(s) in federal court and initiated this procceding with a Complaint filed on September 29, 2006.

## IV. SUMMARY OF UNDISPUTED FACTS

**Neglegence Per Se**

To constitute **"Neglegence Per Se,"** (1) there must be a violation of a regulation; (2) causing the type of harm that the Regulation was intended to prevent; and (3) injuring a member of the class of persons intended to be protected by the Regulation.

By failing to require the person(s) who have the Penal Bond(s), Stipulations, and/or other undertakings in the judicial proceedings **State v. Voth, 8912-37108(1989)**, the defendant's agent did, **in fact**, violate the express language of federal law(s) and rule(s) governing the defendant's agents duties and responsibilities owed to plaintiff.

**Title 31 USC § 9304**, provides, in relevant part, under Surety Corporations:

///

//

/

Page 2-MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

    (a) When a law of the United States Government requires or permits a person to give Surety Bond through a Surety, the person satisfies the law if the Surety Bond is provided for the person by a Corporation--

    (1) Incorporated under the laws of--

    (B) A <u>State</u>, the District of Columbia, or a territory or possession of the United States;

    (2) that may under those laws guarantee--

    (B) **bonds and undertakings in judicial proceedings;** and

    (C) comply with **Section 9305** and 9306 of this **Title.**

    Title 31 USC § 9305, states the Authority and Revocation of Authority of Surety Corporations:

    (a) Before becoming a Serety under **Section 9304** of this Title, <u>a **Surety Corporation must file with the Secretary of the Treasury**</u>---

    (2) The **Secretary** may **authorize in writing** a Surety Corporation to provide Surety Bonds under **Section 9304** of this Title is the **Secretary** decides that--

**Breach Of Legal Duty**

    The Bonds from **State v. Voth, 8912-37108(1989)**, had to be Certified by the defendant's agent, Secretary of the Department of the Treasury, after a Default Judgment was entered against plaintiff. These Bond(s) cannot be bought unless they are Certified by the Secretary of the Treasury. The United States District Court purchases **"Miller Act Reinsurance Payment Bonds".** See, **Waring v. Clarke, 46 U.S. 441 (LA 1847) & Exhibit 13; 14 & 15.**

    The Clerk of Multnomah County Circuit Court, where the judicial proceedings originated from **State v. Voth, Supra,** provided plaintiff an Instrument, **written on it that the ["Bonds"] for the aforesaid case is $20,000 per count."** See, Exhibit 2C.

    This is the **ONLY** record the defendant's agent has of the Bond(s) issued in the above-cited judicial proceedings pursuant to the response provided to plaintiff's request for criminal bonds from **State v. Voth, 8912-37108(1989).** See, **Exhibit(s) 1A; 1D; 2A; 2B & 2C.**

/

1  Rule 65.1(a), states: Security. Proceedings Against Sureties (a) Proceedings. Whenever **these rules** require
2  or permit the giving of security by a party, and security is given in the form of a **Bons or Stipulation or other**
3  **undertaking with one or more sureties,** each surety submits to the jurisdiction ofthe Court and irrevocably appoints
4  the Clerk of the Court as the surety's agent upon whom any papers affecting the surety's liability on the **Bond or**
5  **undertaking may be served.**

6  Rule 65.1(b) Sureties. Acceptable sureties on **Bonds** shall be those Bonding Companies holding **"Certificates Of**
7  **Authority From The Secretary Of The treasury."**  See, Exhibit 1A; 1B; 1C & 1D.

8
   V.   CONCLUSION
9
10  Wherefore, the judgment sought herein should be rendered forthwith because the pleadings, admissions on file, together
11  with the Affidavit of Frank Voth, show that there is no genuine issue as to any material fact and that plaintiff
12  is entitled to partial summary judgment as a matter of law. Pursuant to FRCP 56(c), "a summary judgment, interlocutory
13  in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount
14  of damages."

15  Dated: 11-7-06       .

16

17  Without prejudice,

18

19
   *Frank Voth* (signature)
20  Frank Voth-[6100632]
    82911 Beach Access Road
21  Umatilla, Oregon [97882]

22  Pro Se Plaintiff

23

24  ///

25  //

26  /

Page 4-MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

ORIGINAL

Mr. Frank Voth
Sid: [6100632]
82911 Beach Access Road
Umatilla, Oregon [97882]
Phone (541) 992-2013
Pro Se Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| Frank Voth, | ) | Case No. 06-1549-RWR |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | PLAINTIFF'S CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF PARTIAL SUMMARY JUDGMENT |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

Pursuant to Local Rule 56.1, plaintiff, Frank Voth, submits this Concise Statement of Material Facts in support of his Motion For Partial Summary Judgment. Because FRCP 56 requires this Court to view the facts in the light most favorable to the non-moving party, plaintiff describes the defendant's agents proffered evidence in the light most favorable to the defendant herein.

1. On June 22, 2005, plaintiff filed a request under Title 5 USC § 552 for "**all information pertaing to the criminal bond(s) for State of Oregon v. Frank Voth, 8912-37108(1989)**." **(Exhibit 1A)**.

2. On August 2, 2005, Ronald Deacon, Director Facilities and Administrative Service Staff of the United States Department of Justice Management Division, notified plaintiff that his 'Freedom of Information Request' was received by his office: and was forward to the 'Excutive Office for U.S. Attorneys' Department of Justice 600 E Street, NW, Room 7300 Washington, D.C. 20530-0001. **(Exhibits 1B & 1C)**.

3. On August 31, 2005, Marie A. O'Rourke, Assistant Director of the '**FREEDOM OF INFORMATION/PRIVACY ACT STAFF**" notified plaintiff that the Excutive Office for the U.S. Attorneys' does not have any information pertaining to the criminal bond(s) for **State v. Voth, Supra**. Plaintiff should contact the pertinent state or local agency **for a response to his request. (Exhibit 1D)**.

Page  1 -PLAINTIFF'S CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF PARTIAL SUMMARY JUDGMENT

4. On October 1, 2005, plaintiff sent the Clerk Of Multnomah County Circuit Court a **"Request For Public Information"** pertaining to the Bond(s) for **State v. Voth, Supra. (Exhibits 2A & 2B).**

5. On October 27, 2005, the Clerk of the Court for Multnomah County provided plaintiff a copy of the **Case Register"** for **State v. Voth, Supra,** with a <u>note written on the Instrument</u> **"This would be $20,000 per count"** for each Bond issued in **State v. Voth, supra,** in response to plaintiff's Public Information Request. **(Exhibit 2C).** However, no Bond(s), Stipulations or other undertakings regarding the Bond(s) was provided to plaintiff as requested.

6. On February 13, 2006, plaintiff filed a **"NOTICE OF TORT CLAIM UNDER THE FEDERAL TORT CLAIM ACT." (Exhibits 3A; 3B & 3C).** On March 17, 2006, the **"Correspondence Management Staff"** of the U.S. Department of Justice, provided plaintiff a Notice that they had received plaintiff's Notice of Tort Claim and instructed plaintiff to forward any questions regarding his Tort Claim to **"DEPARTMENT OF TREASURY OFFICE OF THE INSPECTOR GENERAL". (Exhibit 4).**

7. On March 29, 2006, plaintiff sent the aforesaid Inspector General a **"NON_NEGOTIABLE CHARGE BACK"** to ajust his Treasury Direct Account, and Charge Back the $120,000 Bond(s) which secured the undertakings in the judicial proceeding **State v. Voth, 8912-37108(1989). (Exhibits 5A & 5B).**

8. On September 5, 2006, the **"CIVIL DIVISION TORT BRANCH FEDERAL TORT CLAIMS ACT STAFF"** of the U.S. Department of Justice, sent plaintiff a Notice that his Tort Claim had <u>now</u> been forward to the **"Honorable Arnold I.Havens, General Counsel, U.S. Department Of Treasury". (Exhibits 6 & 7).**

9. On September 18, 2006, pursuant to **Exhibit 7,** plaintiff sent the **Honorable Arnold Havens of the U.S. Department of Treasury** a **"NOTICE,"** with a request to settle the February 13, 2006,'Notice of Tort Claim'. **(Exhibits 8A & 8B).**

10. As of this date the Penal Bond(s), Stipulations and/or other undertakings in the judicial proceeding **State v. Voth, 8912-37108(1989)** have not been provided to plaintiff from the defendant's agent. **(Exhibits 9 through 15).**

//

/

1 | Dated: 11-7-06 .

2

3 | Without prejudice,

4

5

6

7 | *[signature]*
Frank Voth-[6100632]
82911 Beach Access Road
8 | Umatilla, Oregon [97882]

9 | Pro Se Plaintiff

10

...

20 | ///////
21 | //////
22 | /////
23 | ////
24 | ///
25 | //
26 | /

Page  3-PLAINTIFF'S CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF PARTIAL SUMMARY JUDGMENT

```
Mr. Frank Voth
Sid: [6100632]
82911 Beach Access Road
Umatilla, Oregon [97882]
Phone (541) 992-2013
Pro Se Plaintiff
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Frank Voth, | ) | Case No. 06-1549-RWR |
| Plaintiff, | ) | |
| vs. | ) | AFFIDAVIT OF FRANK VOTH IN SUPPORT OF PLAINTIFF'S |
| UNITED STATES OF AMERICA, | ) | MOTION FOR PARTIAL SUMMARY JUDGMENT |
| Defendant. | ) | |

```
STATE OF OREGON   )
                  )ss:
County of Umatilla )
```

I, Frank Voth, the plaintiff herein, being first duly sworn, depose and say:

1. I am an the plaintiff in the above-cited civil action and can testify on behalf of the attached exhibits being true and exact copies of the Instrument(s) provided from the defendant's agent and court personnel mention in the Memorandum.

2. Attached hereto as Exhibit(s) 1 through 15, are true correct copies of Instrument(s) plaintiff has received pertaining to the claim(s) which this cause of action arose from.

Without prejudice,

*Frank Voth* [signature]
Frank Voth-[6100632]
82911 Beach Access Road
Umatilla, Oregon [97882]

OFFICIAL SEAL
SHARON JEAN JUSTUS
NOTARY PUBLIC-OREGON
COMMISSION NO. 394363
MY COMMISSION EXPIRES AUG. 30, 2009

SUBSCRIBED AND SWORN to before me this 7th, day of November 2006.

*Sharon Jean Justus* [signature]
Notary Public For Oregon
My Commission Expires: 08-30-09

Page 1 of 1-AFFIDAVIT OF FRANK VOTH IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT