**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **FRANK VOTH**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil Action No.: 06-1549 (RWR)** |
| | ) | |
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Defendant. | ) | |
|  | ) | |

**DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TRANSFER
VENUE AND OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT**

Defendant, the United States of America, respectfully moves to dismiss this Federal Tort

Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA"), case for lack of subject matter

jurisdiction and for improper venue pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(3), or, in the

alternative, Defendant moves to transfer this case pursuant to 28 U.S.C. §§ 1404(a) and 1406(a).

In support of this Motion, Defendant refers the Court to the accompanying memorandum of

points and authorities. A proposed Order consistent with this Motion also is attached.

Respectfully submitted,

    /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

    /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

    /s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney

Of Counsel:

John F. Schorn
Deputy Assistant General Counsel
General Law Ethics
Department of the Treasury
Washington, DC 20220

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **FRANK VOTH**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil Action No.: 06-1549 (RWR)** |
| | ) | |
| **U.S. DEPARTMENT OF TREASURY**, | ) | |
| | ) | |
| Defendant. | ) | |
|  | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to LCvR 56.1 and 7(h), Defendant, the United States of America, respectfully submits this response to Plaintiff's statement of material facts as to which there is no genuine issue in support of his motion for partial summary judgment.

1.    This fact is not material to resolution of this matter.

2.    This fact is not material to resolution of this matter.

3.    This fact is not material to resolution of this matter.

4.    This fact is not material to resolution of this matter.

5.    This fact is not material to resolution of this matter.

6.    Defendant does not dispute that Plaintiff submitted a Notice of Federal Tort Claim in a letter dated February 13, 2006, and, in a letter dated March 17, 2006, Plaintiff was informed that his claim was being forwarded to the Department of the Treasury.

7.    Defendant does not dispute that Plaintiff sent the Office of the Inspector General a letter dated March 29, 2006, regarding "Non-Negotiable Charge Back."

8.      Defendant does not dispute that a letter dated September 5, 2006, was sent to

Plaintiff from the U.S. Department of Justice, Civil Division, Torts Branch,

indicating that his tort claim had been forwarded to the Department of the

Treasury.

9.      This fact is not material to resolution of this matter.

10.     This fact is not material to resolution of this matter.

Dated: January 12, 2007

Respectfully submitted,

/s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

/s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANT

Of Counsel:

John F. Schorn
Deputy Assistant General Counsel
General Law Ethics
Department of the Treasury
Washington, DC 20220

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

|  |  |  |
|---|---|---|
| **FRANK VOTH**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil Action No.: 06-1549 (RWR)** |
| | ) | |
| **U.S. DEPARTMENT OF TREASURY**, | ) | |
| | ) | |
| Defendant. | ) | |

---

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO
DISMISS, OR IN THE ALTERNATIVE, TRANSFER VENUE AND OPPOSITION TO
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant, the United States of America, submits this memorandum of law in support of

its motion to dismiss, or in the alternative, transfer venue, and opposition to Plaintiff's motion

for partial summary judgment.[1]  Plaintiff, Frank Everett Voth ("Plaintiff") has filed an action in

this Court pursuant to the Federal Torts Claim Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA").

seeking two hundred million dollars from the United States.  (Compl. at 3).  The basis for this

relief, according to Plaintiff, is the failure of the Secretary of the Treasury "to have a bond,

stipulation, or other undertakings in the [state] judicial proceedings" against Plaintiff in State of

Oregon v. Frank Everett Voth.  (Id. ¶ 8).  Plaintiff's complaint is completely without merit and

should be dismissed with prejudice.  Alternatively, this action should be transferred to the United

---

[1]Previously, Defendant requested and was granted an extension of time to respond to
Plaintiff's complaint and his motion for partial summary judgment.  [Minute Order dated
December 21, 2006].  Thereafter, Defendant sought a second extension of time, up to and
including January 12, 2007, in which to respond to Plaintiff's complaint and his motion for
partial summary judgment.  [Docket Entry No. 11].  The Court has not yet ruled on that motion.

1

States District Court for the District of Oregon because the operative facts pertaining to

Plaintiff's complaint all occurred there.

## I.    BACKGROUND

Plaintiff Frank Everett Voth was formerly "convicted in the Circuit Court of the State of

Oregon for the County of Multnomah on October 12, 1989 of the crimes of kidnapping and

attempted rape . . . ." Voth v. Zenon, Civ. No. 91-774, 1992 WL 104837, at *1 (D. Or. May 4,

1992)[2]; see also (Plaintiff's Memorandum in Support of Motion for Partial Summary Judgment

("Pl.'s Mem.") at 1 (indicating that his criminal prosecution occurred in 1989).  In this Court,

Plaintiff has filed a claim pursuant to the FTCA, in which he seeks two-hundred million dollars

in recovery from the United States.  (Compl. at 3).

According to Plaintiff, he "has been persuing [sic] his claim(s) informally and through

litigation since at least February 13, 2006 . . . ."  (Pl.'s Mem. at 2).  On that date, Plaintiff

submitted a "Notice of Federal Tort Claim" to the United States Department of Justice ("DOJ"),

Torts Claim Division.  (Ex. A, Letter to DOJ, Tort Claims Division from Frank Everett Voth

dated February 13, 2006).  In his Notice, Plaintiff, identifying himself as a resident of the State

of Oregon, notified DOJ that he intended to file an action against the United States of America.

Id.  The basis for Plaintiff's claim was the following:

> The Secretary of the Treasury for the United States is the sole
> individual with the liability for securing and maintaining the book-
> keeping of 'Commercial Crimes Bonding Certification' which

---

[2]The Court may take judicial notice of documents in the public record without converting Defendant's motion for dismissal into one seeking summary judgment.  See Primorac v. Central Intelligence Agency, 277 F. Supp. 2d 117, 119 (D.D.C. 2003) ("The court . . . may take judicial notice of matters of a general public nature, such as court records, without converting the motion to dismiss into one for summary judgment.") (citation omitted).

secured the financing and/or pledge for the financing of the alleged
Commercial Crimes in STATE OF OREGON v. Frank Everett Voth,
8912-37108.  See, 27 CFR 72.11.[³]

The Secretary of the Treasury neglected to have a Bond, stipulation,
or other undertakings in the judicial proceedings STATE OF OREGON
v. Frank Everett Voth, 8912-37108 secured a Corporate Surety holding
a Certificate of Authority from the aforesaid Secretary in accordance
with Title 31 USC § 321 and 5 USC § 522(a)(1)(2)(D)(3)(A)(B). . . .

The Secretary of the Treasury for the United States knowingly and
willingly breached the legal duties imposed by law(s) governing the
United States Department of Treasury and neglected to secure and
maintain records of certified true and correct copies of the Bond(s),
and Indentification [sic] Number(s), with a Certified Indication of the
amount secured per Bond, per each offense charged for the aforesaid
alleged Commercial Crimes in STATE OF OREGON v. Frank
Everett Voth, 8912-37108.  Please See attached February 7, 2006,
Instrument(s).

(Ex. A, at 1).  As a result of the Secretary of the Treasury's alleged negligence, Plaintiff

contends that he "has been subjected to damages in the Sum of $100,000,000.00 (One Hundred

Million Dollars)."  (Id. at 2).

Attached to Plaintiff's February 13, 2006, letter was a copy of a prior letter dated

February 7, 2006, that Plaintiff addressed to the Justice Department, Executive Office for U.S.

Attorneys, and Judge Michael Marcus, a trial judge in Portland Oregon.  (Ex. B, Letter to

Executive Office for U.S. Attorneys and Judge Michael Marcus from Frank Everett Voth dated

February 7, 2006).  In this letter, Plaintiff stated that he had submitted a request pursuant to the

_____

    ³The regulations to which Plaintiff refers are regulations applicable to the Alcohol and
Tobacco Tax and Trade Bureau, and the Department of the Treasury, and pertain to "Disposition
of Seized Personal Property."  In particular, section 72.11 provides definitions of terms used in
Title 27.  Id.  In particular, the term "commercial crimes" is defined to include "kidnapping," one
of the offenses Plaintiff was convicted of as a result of his 1989 trial.  See 27 C.F.R. § 72.11;
Voth, 1992 WL 104837, at *1.

Freedom of Information Act, 5 U.S.C. 552 et seq. ("FOIA"), "for disclosure of [all] Criminal

Bonds pertaining to [State of Oregon v. Frank Everett Voth, 8912-37108] in the Multnomah

County Circuit Court for the State of Oregon." (Id. at 1). Plaintiff advised that the records he

sought should have been maintained by the Secretary of Treasury who, according to Plaintiff "is

the individual with the liability for the Bookkeeping . . . [and] also the person who has set

(appraised) the Value of the Security Instrument." (Id. at 2). Plaintiff stated that he was

challenging the State of Oregon's authority to make the claims alleged in Plaintiff's criminal

prosecution and

> because the State of Oregon has failed to release the Order issued,
> for the amount Secured per Bond, Per Each Offense Charged in
> State of Oregon v. Frank Everett Voth, 892-37108: in accordance
> with Title 18 U.S.C. §§ 241-242 Mr. Voth is hereby requesting the
> Department of Justice notify the appropriate authorities to initiate
> an investigation of the Public Official(s) depriving him of his Liberty
> without Due Process of Law.

Id. Attached to Plaintiff's February 7, 2006 correspondence were copies of his FOIA

request and the correspondence related to that request. (Ex. B).

In a letter dated March 17, 2006, DOJ informed Plaintiff that his letter was being

forwarded to the Department of Treasury "for review and any appropriate action." (Ex. C, Letter

to Frank Everett Voth from DOJ, Correspondence Management Staff, Office of Administration,

dated March 17, 2006). Plaintiff wrote to the United States Department of Treasury, Office of

the Inspector General in a letter dated March 29, 2006. (Ex. D, Letter to the Department of

Treasury from Frank Everett Voth dated March 29, 2006). In this letter, Plaintiff attached a copy

of an "Ex Parte Motion for Modification of Security Requirements by Court," which he stated

had been filed with the Multnomah County Circuit Court for the State of Oregon. Id. Plaintiff

4

indicated that he sought the following relief from the Inspector General:

> Therefore, because all crime is commerce under Title 27 C.F.R.
> 72.11, and Waring v. Clark, 46 U.S. 441 (U.S. LA (1847) [sic],
> this Office has authority, and a duty, in accordance with the
> 'Truth-In-Lending Act,' to Order the Circuit Court of Multnomah
> County for the State of Oregon to modify the security requirements
> in STATE OF OREGON v. Frank Everett Voth, 8912-37108, <u>ajust</u>
> [sic] my account, and Charge Back the $120,000.00 which secured
> the bond, stipulation, or other undertakings in the judicial proceeding.

<u>Id.</u>.

In a letter dated July 13, 2006, Plaintiff again wrote to DOJ's Torts Claim Division.  (Ex. E, Letter to DOJ, Tort Claim Division, from Frank Voth dated July 13, 2006).  In this letter Plaintiff indicated that, as of August 13, 2006, his tort claim filed with DOJ would have been pending six months.  (<u>Id.</u>).  While Plaintiff acknowledged receipt of the March 17, 2006, letter indicating that his claim had been referred to the Department of Treasury, he stated that the Department of Treasury had "not redressed my personal injury. . . ." and therefore sought information regarding the status of his claim and to determine whether DOJ would "stipulate to settle" his claim.  (<u>Id.</u>).

Ms. Mary Jo Touhey, Trial Attorney, DOJ Torts Branch, Civil Division, wrote to Plaintiff in a letter dated September 5, 2006.  (Ex. F, Letter to Frank Everett Voth from Mary Jo Touhey dated September 5, 2006).  In this letter, Ms. Touhey indicated that DOJ received Plaintiff's administrative tort claim, dated February 13, 2006, on August 3, 2006.  (<u>Id.</u>).  Ms. Touhey advised Plaintiff that his claim was being forwarded to the Department of the Treasury and that Plaintiff should direct any future communication to that department.  (<u>Id.</u>).

On August 31, 2006, Plaintiff filed his complaint in this Court.  In his complaint, Plaintiff alleges a FTCA claim against the United States for "Negligence Per Se and Breach of Legal

Duty owed to Plaintiff."  (Compl. ¶ 1).  Plaintiff alleges that "[t]he Secretary of the Treasury has

a legal duty imposed by federal laws and rules to have a bond, stipulation, or other undertakings

in the judicial proceedings STATE OF ORGEGON v. Frank Everett Voth, 8912-37108 secured

by a corporate surety holding a Certificate of Authority from the Secretary of Treasury . . . ."

(Compl. ¶ 8).  Plaintiff alleges that the Secretary was negligent in this duty, as established by the

fact that Plaintiff submitted a prior FOIA request seeking "all information on the criminal bonds

and/or commercial crimes bonding for the undertakings in the judicial proceedings STATE OF

OREGON v. Frank Everett Voth, 8912-37108 . . . ." and was told that "no records of [any]

criminal bonds exist" for these judicial proceedings authorized from the Secretary of the

Treasury . . . ."  (Id. ¶ 7).  Plaintiff seeks a total of two-hundred million dollars in damages.  (Id.

at 3).[4]

## II.    STANDARD OF REVIEW

### A.    Dismissal for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1).

Dismissal is proper pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure

because the Court lacks subject-matter jurisdiction over Plaintiff's claim because Plaintiff has

failed to comply with the FTCA's jurisdictional requirements.  "In reviewing a motion to dismiss

for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court

must accept the complaint's well-pled factual allegations as true and draw all reasonable

inferences in the plaintiff's favor."  Thompson v. Capitol Police Board, 120 F. Supp. 2d 78, 81

---

[4]Because Plaintiff only alleged damages in the amount of one-hundred million dollars in his
February 13, 2006 Notice of Tort Claim, he is limited to that amount in this Court.  See 28
U.S.C. § 2675(b) ("Action under this section shall not be instituted for any sum in excess of the
amount of the claim presented to the federal agency . . . .").

(D.D.C. 2000) (citations omitted).  "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, Dep't of Labor, 154 F. Supp. 2d 61, 64 (D.D.C. 2001) (citing Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)).

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in two ways.  First, the court may determine the motion based solely on the complaint. Herbert v. National Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992).  Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence.  See id.; see also Haase v. Sessions, 835 F.2d 902, 905 (D.C. Cir. 1987) ("It seems clear . . . that the plain language of Rule 12(b) permits only a 12(b)(6) motion to be converted into a motion for summary judgment").  In keeping with the latter practice, Defendant has attached various exhibits to this Memorandum.

**B.      Dismissal for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6).**

The standard for granting a motion to dismiss pursuant to Rule 12(b)(6) is well-known. A motion to dismiss for failure to state a claim serves to test the legal sufficiency of the complaint.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).  For purposes of a motion to dismiss, a court takes as true all inferences that can be derived from the facts alleged.  Kowal, 16 F.3d at 1276.  A court, however, need not accept the inferences drawn by a plaintiff if such inferences are unsupported by the facts set out in the complaint.  Id.  A court should dismiss a complaint if plaintiffs can prove no set of facts that would entitle them to relief.  Emoagram SA v. F.

7

Hoffman Larouche, Ltd., 315 F.3d 338, 343 (D.C. Cir. 2003); Beverly Enterprises v. Herman, 50

F. Supp. 2d 7, 11 (D.D.C. 1999).

## III.    ARGUMENT

### A.    PLAINTIFF HAS FAILED TO STATE A COGNIZABLE CLAIM UNDER THE FTCA.

Plaintiff attempts to assert a claim pursuant to the FTCA in which he apparently claims

that the Secretary of the Treasury owed Plaintiff a duty to issue or secure a bond in Plaintiff's

criminal proceedings.  (Compl. ¶ 8).  Plaintiff's FTCA claim is completely without merit.  First,

Plaintiff is precluded from asserting such a claim because he failed to timely file his

administrative claim.  Second, even assuming Plaintiff was found to have timely presented his

claim, he has failed to allege any cognizable duty that was owed to him by the Secretary of the

Treasury.  For these reasons, Plaintiff's FTCA claim is meritless.

### 1.    Plaintiff Has Failed to Exhaust his Administrative Remedies.

The United States is immune from suit except as it consents to be sued.  United States v.

Mitchell, 463 U.S. 206, 212 (1983).  The terms of its consent define a court's jurisdiction to hear

suits.  United States v. Sherwood, 312 U.S. 584, 586 (1941).  The FTCA is a waiver of the

United States' immunity to tort suits, however, a plaintiff must meet the necessary jurisdictional

prerequisites to perfect a claim under the FTCA.  In order to exhaust his administrative remedies

under the FTCA, Plaintiff must have presented the agency with "'(1) a written statement

sufficiently describing the injury to enable the agency to begin its own investigation and (2) a

sum certain damages claim,' and the agency must have either denied the claim in writing or

failed to provide a final disposition within six months of the filing of the claim." Edmonds v.

United States, 436 F. Supp. 2d 28, 33 (D.D.C. 2006) (quoting GAF Corp. v. United States, 818

8

F.2d 901, 904 (D.C. Cir. 1987)); 28 U.S.C. § 2401.  Failure to comply with either of these jurisdictional prerequisites deprives the Court of subject matter jurisdiction.  Nichols v. Truscott, 424 F. Supp. 2d 124, 135 (D.D.C. 2004) (citations omitted).

In addition, pursuant to 28 U.S.C. § 2401(b), "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ."  A claim is found to accrue, for purposes of section 2401(b), when the claimant "knows both the existence and the cause of his injury."  Loughlin v. United States, 230 F. Supp. 2d 26, 39 (D.D.C. 2002) (quoting United States v. Kubrick, 444 U.S. 111, 120 (1979)).  "The practicality of discovering the injury is an important consideration in determining when a claim accrues."  Id.  Pursuant to the "discovery rule," a plaintiff's "cause of action accrues when the injured party discovers – or in the exercise of due diligence should have discovered – that it has been injured."  Sprint Communications Co. v. Federal Communications Comm'n, 76 F.3d 1221, 1228 (D.C. Cir. 1996) (internal quotation marks omitted).  "Accrual does not wait until the injured party has access to or constructive knowledge of all the facts required to support its claim . . . [or] until the injured party has enough information to calculate its damages."  Id.  (citation omitted).  Rather, "[o]nce the prospective plaintiff is on notice that it might have a claim, it is required to make a diligent inquiry into the facts and circumstances that would support that claim."  Id.  (citations omitted).

The injury Plaintiff alleges arises from his criminal conviction, which occurred in 1989, nearly 17 years prior to his presentment of an administrative tort claim.  (Ex. A; Pl.'s Mem. at 2; Compl. ¶ 6).  Clearly, Plaintiff was aware at the time of his conviction of the facts supporting the claim he presently asserts.  However, even assuming he was not aware of the full basis of his

claim, he has offered no justification for waiting 17 years after his conviction to investigate the

facts and circumstances supporting this claim.[5]  Accordingly, dismissal is warranted because

Plaintiff's ability to assert his claim has been foreclosed.  W.C. & A.N. Miller Cos. v. United

States, 173 F.R.D. 1, 5 (D.D.C. 1997) (holding that plaintiffs' "failure to file an administrative

claim within two years of when their claims accrued" barred their FTCA claims); Verner v.

United States Government, 804 F. Supp. 381 (D.D.C. 1992) (holding that claims that accrued

more than two years prior to filing of complaint were barred); Sexton v. United States, 644 F.

Supp. 755 (D.D.C. 1986) (holding that the FTCA's two year "statute of limitations present[ed]

an absolute jurisdictional bar to the maintenance of [plaintiffs'] . . . action . . ." and stating that

the "further discovery the plaintiffs plead to be allowed to take could not alter the undisputed

chronological facts already of record which mandate dismissal . . . .").

### 2.    The Secretary of the Treasury Did Not Owe Any Duty to Plaintiff.

The basis for Plaintiff's claim is nonsensical, to say the least.  Plaintiff relies upon

statutes pertaining to sureties and surety bonds, in the non-criminal context, to conclude that the

Secretary of the Treasury breached a duty owed to Plaintiff by failing to "have a bond,

stipulation, or other undertaking in the judicial proceedings STATE OF OREGON v. Frank

Everett Voth, 8912-37108 . . . ."  (Compl. ¶ 8).  For example, Plaintiff cites 31 U.S.C. § 9304

---

[5]Indeed, Plaintiff has been diligent in pursuing other claims.  He filed a claim in 1994 pursuant to 42 U.S.C. § 1983 alleging that the trial court judge and the assistant district attorney in his criminal proceeding "conspired to deprive him of his right to equal protection during the course of his state criminal trial for kidnapping and rape."  Voth v. Herrell, 38 F.3d 1219 (9th Cir. 1994).  Plaintiff sought monetary damages and imprisonment of the defendants.  Id.  This case was dismissed as frivolous.  Id.  In addition, it appears that Plaintiff has been a frequent litigant in the District of Oregon.  (Ex. G, List from Pacer of cases in which Plaintiff has been a party).

("Sureties and Surety Bonds") as support for his argument. (Pl.'s Mem. at 2). This provision of

the United States Code provides in its entirety that:

> (a) [w]hen a law of the United States Government requires or permits a person to give a surety bond through a surety, the person satisfies the law if the surety bond is provided for the person by a corporation –
>
>> (1) incorporated under the laws of --
>>
>>> (A) the United States; or
>>>
>>> (B) a State, the District of Columbia, or a territory or possession of the United States;
>>
>> (2) that may under those laws guarantee --
>>
>>> (A) the fidelity of the persons holding positions of trust; and
>>>
>>> (B) bonds and undertakings in judicial proceedings; and
>>
>> (3) complying with sections 9305 and 9306 of this title.
>
> (b) Each surety bond shall be approved by the official of the Government required to approve or accept the bond. The official may not require that the surety bond be given through a guaranty corporation or through any particular guaranty corporation.

31 U.S.C. § 9304. Plaintiff also cites a portion of 31 U.S.C. § 9305 ("Sureties and Surety

Bonds"), which provides that:

> (a) Before becoming a surety under section 9304 of this title, a surety corporation must file with the Secretary of the Treasury --
>
>> (1) a copy of the articles of incorporation of the corporation; and
>>
>> (2) a statement of the assets and liabilities of the corporation signed and sworn to by the president and secretary of the corporation.
>
> (b) The Secretary <u>may</u> authorize in writing a surety corporation to provide surety bonds under section 9304 of this title . . . .

31 U.S.C. § 9305 (emphasis added).

Despite quoting these provisions in his motion for partial summary judgment, Plaintiff provides no guidance to the Court as to <u>how</u> and <u>why</u> he believes these provisions apply to his criminal prosecution in an Oregon state court.  Indeed, these statutory provisions provide nothing to suggest that the Secretary of the Treasury had "a <u>legal duty</u> . . . to have a bond, stipulation, or other undertakings . . ." in Plaintiff's <u>state</u> criminal proceedings.  (Compl. ¶ 8) (emphasis added). Indeed, assuming these provisions even apply in the <u>state</u> criminal context, they do not support a finding that the Secretary of the Treasury has any duty to issue a bond in state criminal proceedings.

In any event, it is clear that the federal statutes upon which Plaintiff relies fail to provide the basis for a cognizable claim under the FTCA.  28 U.S.C. § 1346(b) provides that the federal government will be liable in tort "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  By basing his claim on the violation of a purported federal duty, Plaintiff has foreclosed his ability to recover under the FTCA.  "Duties set forth in <u>federal law</u> do <u>not</u> . . . automatically create duties cognizable under <u>local tort law</u>."  <u>Art Metal-U.S.A., Inc. v. United States</u>, 753 F.2d 1151, 1158  (D.C. Cir. 1985) (citations omitted).  Rather, "[t]he pertinent inquiry is whether the duties set forth in the federal law are analogous to those imposed under local tort law."  <u>Id.</u>  There obviously is no private party analogue to what Plaintiff is claiming here, because private parties cannot authorize a corporation to provide surety bonds.  31 U.S.C. § 9305(b).  Plaintiff's argument is incomprehensible and must be rejected.  <u>Art-Metal-U.S.A., Inc.</u>, 752 F.2d at 1157 ("It is true that negligent performance of (or failure to perform) duties embodied in federal statutes and regulations may give rise to a claim under the FTCA, but <u>only</u> if

there are analogous duties under local tort law.").

####    B.    THIS ACTION SHOULD BE DISMISSED AS FRIVOLOUS.

As stated above, Plaintiff has failed to point to <u>any</u> legal basis supporting his belief that the Secretary of the Treasury failed to performed a legal duty owed to Plaintiff.  The statutes Plaintiff cites, by their plain words, do not impose such a duty on the Secretary.  Nor has Plaintiff provided any explanation regarding why the Secretary of the Treasury had a duty to secure a bond in Plaintiff's state court criminal proceedings.

28 U.S.C. § 1915(e)(2)(B)(ii) "authorizes federal courts to dismiss a claim filed in forma pauperis if the allegation of poverty is untrue or if satisfied that the action is frivolous or malicious."  <u>Voth</u>, 38 F.3d at 1219.[6]  The Supreme Court has held that a complaint "is frivolous where it lacks an arguable basis either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S.319, 325 (1989).  Plaintiff's complaint has no basis in law.  He has failed to point to any statutory duty on behalf of the Secretary of the Treasury to issue a bond in state criminal proceedings; accordingly, the fact that no such bond has been located does not support a claim against the United States.  For this reason, Plaintiff's complaint should be dismissed as frivolous.  <u>See</u> <u>Hazel v. Reno</u>, 20 F. Supp. 2d 21, 24 (D.D.C. 1998) (dismissing <u>pro se</u> complaint as frivolous where it was clearly barred by established law); <u>Ibraham v. United States</u>, No. Civ.A. 90-2579, 1990 WL 183533, at *1 (D.D.C. Nov. 13, 1990) (dismissing <u>pro se</u> complaint against a federal judge as frivolous because judges enjoy absolute immunity from their acts).  <u>See also</u> <u>Voth</u>, 38 F.3d at 1219 (Ninth Circuit affirmed district court's dismissal of Mr. Voth's claim as frivolous where the defendants

---

[6]This Court granted Plaintiff leave to proceed in forma pauperis on September 29, 2006. [Docket Entry No. 5].

he named were absolutely immune from suit and because judgment would imply the invalidity of his prior conviction[,]" in violation of <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994)).

**C.    THE DISTRICT OF COLUMBIA IS NOT THE PROPER VENUE FOR THIS ACTION.**

Assuming the Court does not find dismissal proper, transfer to the District of Oregon is warranted because Plaintiff resides there and any injuries or harm he suffered occurred there.

**1.    Plaintiff Does Not Reside in this District and the Omissions he Complains of Did not Occur in this District.**

A tort suit "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Plaintiff's Complaint states that he resides in Oregon. (Compl. ¶ 1). "Oregon constitutes one judicial district." <u>See</u> 28 U.S.C. § 117. Thus, this lawsuit can be brought in the District of Oregon.

Plaintiff's complaint does not provide a basis for venue in this District. As noted above, a tort claim arises for purposes of the FTCA at the place where the alleged negligent acts occurred. 28 U.S.C. § 1402(b); <u>see Beattie v. United States</u>, 592 F. Supp. 780, 784 (D.D.C.), <u>aff'd</u>, 756 F.2d 91 (D.C. Cir. 1984). Even a cursory examination of the Complaint demonstrates that the tort or torts Plaintiff is complaining about occurred where Plaintiff's state criminal proceedings were held.

"Under the prevailing interpretation of section 1402(b), venue is proper in the District of Columbia if sufficient activities giving rise to the plaintiff's cause of action took place here." <u>Franz v. United States</u>, 591 F. Supp. 374, 378 (D.D.C. 1984). Applying that standard here, it is clear that none of the operative facts pertaining to Plaintiff's claim took place here. Plaintiff's criminal trial, which he contends should have been secured by a bond, took place in Oregon.

14

Any injuries Plaintiff has suffered as a result of any alleged negligence also took place in

Oregon.  Furthermore, Plaintiff has not alleged any personal involvement or knowledge by the

Secretary of the Treasury in Plaintiff's state court criminal proceedings; rather, he has referred to

a duty the Secretary allegedly failed to perform.  See Cameron v. Thornburgh, 983 F.2d 253, 256

(D.C. Cir. 1993) ("Courts in this Circuit must examine challenges to . . . venue carefully to guard

against the danger that a plaintiff might manufacture venue in the District of Columbia.  By

naming high government officials as defendants, a plaintiff could bring a suit here that properly

should be pursued elsewhere.").  Under these circumstances, venue is proper in Oregon, not in

the District of Columbia.  Zakiya v. United States, 267 F. Supp. 2d 47, 58 (D.D.C. 2003)

(holding that venue under section 1402(b) was not proper in the District of Columbia where none

of the injuries Plaintiff alleged to have suffered occurred in this District).

> ### 2.    Even if Venue Were Proper in this District, this Case Should be Transferred for Convenience and in the Interest of Justice.

The preceding argument demonstrated that venue is not proper in the District of

Columbia and accordingly this case must be dismissed or transferred pursuant to 28 U.S.C.

§ 1406(a).  In the alternative, if the Court were to determine that venue is proper here, this case

should nevertheless be transferred to Oregon, where Plaintiff resides, and where the relevant

witnesses would be located, pursuant to 28 U.S.C. § 1404(a).  That provision authorizes the

Court to transfer a case under three conditions: (1) there is another judicial district in which the

action properly may have been brought; (2) the convenience of the parties and witnesses would

be better served in the alternative district; and (3) transfer is in the interest of justice.  See

Claasen v. Brown, No. 94-1018 (GK), 1996 WL 79490, at *5-6 (D.D.C. Feb. 16, 1996).  Each of

these conditions is satisfied in the present case.

Moreover, considerations of convenience and justice weigh in favor of transferring this action. "Although Plaintiff's choice of forum is entitled to great consideration, it is not determinative when other factors strongly militate, as they do here, in favor of transfer." See Claasen, 1996 WL 79490, at *6 (holding that where plaintiff lived "in close proximity" to alternative forum, it was "of relatively minor importance" that plaintiff's lawyers maintained an office in the District of Columbia, and ordering that case be transferred). Moreover, Plaintiff's choice of forum is entitled to less weight when, as here, that forum is outside of Plaintiff's home jurisdiction. Stewart v. Capitol Area Permanente Medical Group, 720 F. Supp. 3, 5 (D.D.C. 1989).

Plaintiff is a resident of the State of Oregon. (Compl. ¶1). Many of the witnesses and state government officials who would presumably have knowledge about Plaintiff's allegations and the injuries he has allegedly suffered are located in the District of Oregon, where Plaintiff was prosecuted. Accordingly, in the event the Court concludes that dismissal is not warranted, transfer should be made to the District of Oregon.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff's complaint should be dismissed with prejudice. Alternatively, this court should transfer Plaintiff's action to the District of Oregon.


Dated: January 12, 2007

Respectfully submitted,

   /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

16

    /s/ Rudolph Contreras
_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

    /s/ Michelle N. Johnson
_____
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANT

Of Counsel:

John F. Schorn
Deputy Assistant General Counsel
General Law Ethics
Department of the Treasury
Washington, DC 20220

17

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

|  |  |
|---|---|
| **FRANK VOTH**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    **Civil Action No.: 06-1549 (RWR)** |
| | ) |
| **U.S. DEPARTMENT OF TREASURY**, | ) |
| | ) |
| Defendant. | ) |

---

## <u>ORDER</u>

This matter having come before this Court on Defendant's Motion to Dismiss, or in the

Alternative, to Transfer Venue, it is hereby

**ORDERED** that Defendant's motion is **GRANTED**.  It is further

**ORDERED** that Plaintiff's motion for partial summary judgment is denied.  It is further

**ORDERED** that Plaintiff's complaint is dismissed in its entirety with prejudice.

**SO ORDERED** this ____ day of _____, 2007.


_____
RICHARD  W. ROBERTS
United States District Court Judge

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Defendant's Motion to Dismiss, or in the Alternative,

to Transfer Venue and Opposition to Plaintiff's Motion for Partial Summary Judgment was

mailed by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:


Mr. Frank Voth
SID 6100632
Oregon Department of Corrections – SRCI
777 Stanton Blvd.
Ontario, OR 97914


on this  12th  day of January, 2007.


_____
                              /s/
                    MICHELLE N. JOHNSON