RECEIVED
FEB - 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ORIGINAL
J.V. 1-29-04

Mr. Frank Voth
Sid: [6100632]
82911 Beach Access Road
Umatilla, Oregon [97882]

Pro Se Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| Frank Voth, | ) | Case No. 06-1549-RWR |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | RESPONSE TO DEFENDANTS |
| | ) | MOTION TO DISMISS OR |
| UNITED STATES OF AMERICA, | ) | TRANSFER OF VENUE |
| Defendants. | ) | |

   Pursuant to FRCP 11(a)(1)(b)(1)(2), the defendants' attorney is strikly prohibitted from presenting to the court a pleading presented for **improper purposes,** such as to harass, cause unnecessary delay, and needless increase in the litigation of this Action. These Rules further require the defendants' attorney to refrain from **"signing," "filing," "submitting,"** or **"later advocating a pleading, written motion, or other paper to the court with claims, defenses, and other legal contentions therein which are not warranted by existing law or nonfrivolous argument for the extention, modification, or reversal of existing law or the establishment of new law!**

   **Herein,** this Response, plaintiff hereby submits the aforesaid attorney has dishonored FRCP 11(a)(1)(b)(1)(2), in the following frivolous agruments improperly submitted to the court in this Action.

   1. This Action is not frivolous. The Honorable Judge Bates, on Friday, September 29, 2006, was clearly aware of the Federal Statutory Jurisdiction for the court to issue an Order prohibitting this Action from proceeding **[in this court]** considering said Judge believed the claim(s) to be frivolous before granting leave to file this Action. See 28 U.S.C § 1915(e)(2)(B)(ii).

//

/

Page 1-RESPONSE TO DEFENDANTS MOTION TO DISMISS OR TRANSFER VENUE

2. This Action is "**timely**," and "**Properly**," filed in this court in accordance with;

28 USC § 1346(b)(1):

"* * *, the district courts, * * *, shall have exclusive jurisdiction of civil actions on claims against the **United States**, for <u>money damages</u>, occuring on and after Januray 1, , for injury or <u>loss of property</u>, or personal injury or death caused by the ["**NEGLIGENT**"] or wrongful act or omission of **ANY EMPLOYEE** of the Government while **acting within the scope of his office or employment**, * * *." and;

31 USC § 9307(a)(1)(2)(D)(b);

"(a)(1) A Surety corporation providing a surety bond under section 9304 of this title may be sued in a court of the **United States** having jurisdiction of civil actions on surety bonds in--

"(2) Under section 9304>9308 of this title, a surety bond is deemed to be provided in the district--

"(D) in which [**the person required**] to provide a surety bond resides when the bond was provided.

"(b) In a proceeding against a surety corporation providing a surety bond under section 9304 of this title, ["**the cororation may not deny its power to provide a surety bond or to assume liability**"]!"

28 USC § 3002(15)(A)(B)(C);

"(15) "**UNITED STATES**" means--

"(A) a **Federal Corporation**;

"(B) an agency, department, commission, board, or **other enity of the United States**; or

"(C) an instrumentality of the **United States**."

3. General Authority of the Secretary

"Title 31 USC § 321(a), The Secretary of the Treasury shall--

"(2) Carry out services related to [**finances**] that the Secretary is ["**REQUIRED TO PERFORM**"];

/
Page 2-RESPONSE TO DEFENDANTS MOTION TO DISMISS OR TRANSFER VENUE

> "(8)(b)(1)(2) The Secretary may prescribe regulations to carry out the duties and powers of the Secretary to another officer or employee of the Department of the Treasury!"

Provisions of Title 31 USC § 9304, describe what **duties,** the Secretary of the Treasury for the Federal Corporation United States is **["REQUIRED TO PERFORM"].**

**Specifically,** the following subsections imposed a mandatory duty upon the defendants' agent to perform governing the **"bonds and undertakings in the judicial proceedings plaintiff** requested the **"Criminal Bond Information"** for in accordance with 5 USC § 552, on June 22, 2005:

> "(a) [W]hen a law of the United States Government requires or permits a person to give a surety bond through a surety, the person <u>satisfies</u> <u>the</u> <u>law</u> if the surety bond is provided for the person by a corporation-
>
> "(1) Incorporated under the law of--
>
> "(B) A **State,** the District of Columbia, or a territory or possession of the United States;
>
> "(2) that may under those laws guarantee--
>
> "(B) **BONDS AND UNDERTAKINGS IN JUDICIAL PROCEEDINGS;** and
>
> "(3) Complying with section 9305 and 9306 of this title."

**Whereas,** 31 USC § 9305 **("Surety And Surety Bonds"),** which provides that:

> "(a) Before becoming a surety under section 9304 of this title, a surety corporation **must file with the Secretary of the Treasury--**
>
> "(b) **The Secretary** <u>may</u> **authorize in writting a surety corporation to provide surety bonds under section 9304 of this title..."**

4. The Rule that has been applied in the Federal Courts is that the 'Statute of Limitation' under 28 USC § 2401 does not begin to run until **after** notice of the invasion of the plaintiff's legal rights. Please See, Exhibits 1B; 1C & 1D.

The Courts unanimously hold that a cause of action sounding in tort arises in the jurisdiction **"where the last act necessary to establish liabilty occurred,"** i.e., **"the jurisdiction in which the injury was received!"** See, Exhibits 1A & 1D.

**Page 3-RESPONSE TO DEFENDANTS MOTION TO DISMISS OR TRANSFER VENUE**

1   **Thus,** the 'Statute of Limitation' governing this case at bar did not trigger to run until after the defendant's agent **notified**
2   **plaintiff on August 31, 2005,** that they had lost and/or destroyed property which the law of the United States mandated the defen-
3   dant's agent to maintain a record of on plaintiff behalf. **See,** in **Exhibit 1D.**
4
5   5. No Where, in plaintiff's complaint does it challenge facts or duration of the confinement, or seek immeadiate and speedier release. Plaintiff does not challenge the vality of
6   the criminal judgment either in the complaint.
7   In this case at bar, plaintiff **IS NOT** alleging that the defendant's agent acts and omissions has resulted in his
8   imprisonment to be unconstitutional. This is an Action for money damages to redress the injury from the **loss of property**
9   **caused by the negligent, wrongful acts and omissions of the defendant's agent,** i.e., the Secretary of Treasury for the
10  Federal Corporation United States; while acting within the scope of said Secretary's office and employment.
11
12  The [fact] that the defendant's agent breached his legal duty imposed by law not to loose property he was required to
13  maintain and keep a record of does not constitute any grounds attacking the actual conviction rendered in the judicial pro-
14  ceeding pertaining to this Action.
15  This case clearly is not covered by the holding of **Heck v. Humphrey, 114 S.Ct. 2364 (1994),** for plaintiff seeks not immead-
16  iate or speedier release, **but monetary damages for loss of property,** as to which he could not have sought and obtained
17  fully effective relief through a habeas corpus proceeding. Thus, this Action does not call into question the lawfulness of
18  plaintiff's continuing confinement from the defendant's agent loss of property the law of the United States required the Secretary of the Treasury for the United States maintain.
19  **Please See, Wolf v. McDonnell, 418 US 539, 553-54 (1974); Fulford v. Klein, 529 F.2d 377, 381 (1976).**
20
21  6. For what Reason, the defendant's agent now argues that Title 31 USC § 9304, and provisions of 9305, fails to provide the
22  basis for a cognizable claim under the ("FTCA") 28 USC § 1346(b), when the Secretary of Treasury for the Federal Corporation United
23  States breachs the legal duties owed to plaintiff imposed by these laws governing said Secreatry duties, whose principle office is
24  located in the District of Columbia, where, also, the acts and omissions stated in the complaint occurred; **"IS NOT THE PROPER VENUE WHERE THE NEGLIGENT ACTS OCCURRED,"** is incomprehensible,
25  frivolous, and **MUST BE REJECTED!**
26  /
Page 4-RESPONSE TO DEFENDANTS MOTION TO DISMISS OR TRANSFER VENUE

1      **NO ONE**, but the Secretary of the Treasury for the Federal Corporation United States of America, is "authorized in writting to allow a ["State"] to provide surety bonds under section 9304 after said ["State"] has complied with 31 USC § 9305(a), and filed with the Secretary of the Treasury before becoming a surety corporation to guarantee "**BONDS AND UNDERTAKINGS IN JUDICIAL PROCEEDINGS!**"" Please See, 31 USC § 9304-9305.

    **Perhaps**, possibly, the defendant is attempting to **claim as a defense** that the Secretary delagated his duties and power to another officer or employee of the Department of Treasury who is responsible for the **loss of property at issue herein?**

    **Nevertheless,** under 31 USC § 9307(2)(D)(b), the defendant's agent is yet prohibitted from denying his power to provide a surety bond or to assume liability for the **loss of said property** the Secretary was required by law to maintain and keep a record of on plaintiff's behalf!

### CONCLUSION

    The defendant's agent simply lacks any standing to raise any of the claims and defenses as being properly submitted and certified to substantiate warranting reversal of existing laws governing this Action in their motion to dismiss and/or transfer venue.

    Provisions of the Federal Rules of Civil Procedure are inextricably linked to Rule 8(a)'s simplified notice pleading standard. Rule 8(e)(1) states that **"no technical forms of pleading or motions are required,"** and Rule 8(f) provides that **all pleadings shall be so construed as to do substantial justice."**

    Given the Federal Rules' simplified standard for pleading, **"a court may \*\*\* dismiss a complaint \*\*\* only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."** Please See, Hishon v. King & Spalding, 467 US 69, 73 (1984).

    And So, as Justice Black stated more than 30 years ago, in connection with an order adopting revised Rules of this Court, that the "**principal function of procedure rules should be to serve as useful guids to help, not hinder, persons who have a legal right to bring their problems before the Courts."** See, Order adopting revised rules of S.Ct. of U.S. Mon. April 12, 1954.

//

/

**Page 5-RESPONSE TO DEFENDANTS MOTION TO DISMISS OR TRANSFER VENUE**

1  "[O]ver the centuries the common law of torts has developed a set of Rules to implement the principle that
2  a person should be compensated fairly for injuries caused by the violation of his legal rights. These Rules, defining
3  the elements of damages and the prerequisites for their recovery, provide the appropriate starting point for the
4  inquiry..."

5

6  Dated: January 30, 2007.

7  Without Prejudice,

8

9

10

11  *Frank Voth* (signature)
    Frank Voth-[6100632]
12  82911 Beach Access Road
    Umatilla, Oregon [97882]

13  Pro Se Plaintiff

14

15  ///////////
16  //////////
17  /////////
18  ////////
19  ///////
20  //////
21  /////
22  ////
23  ///
24  //
25  /
26

Page 6-RESPONSE TO DEFENDANTS MOTION TO DISMISS OR TRANSFER VENUE

## CERTIFICATE OF SERVICE

I hereby certify and depose that I served the attached:

**RESPONSE TO DEFENDANTS MOTION TO DISMISS OR TRANSFER VENUE**

on the below listed interested person/parties, by mailing a true and correct photocopy and/or original with first-class postage affixed, placing the same in the T.R.C.I. Legal mail depository on:

**DATED** this __30th__ day of __January__, 20 __07__.

**Number of copies sent (_1_) to:**

MICHELLE N. JOHNSON

Assistant United States Attorney

555 4th Street, NW-RM E4212

Washington, DC 20530

**Number of copies sent (__) to:**

**Number of copies sent (__) to:**

**Number of copies sent (__) to:**

Print Name: Frank Voth

Inmate No.: [6100632]

Two Rivers Corr. Inst.
82911 Beach Access Rd.
Umatilla, OR 97882-9419

**CERTIFICATE OF SERVICE**
**- SOLO AT REAR -**