IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **FRANK VOTH**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 06-1549 (RWR) |
| ) | |
| **UNITED STATES OF AMERICA**, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS, OR IN THE ALTERNATIVE, TRANSFER VENUE

Defendant, the United States of America, hereby submits its Reply in Further Support of its Motion to Dismiss or, in the Alternative, Transfer Venue. Previously, Defendant submitted to the Court that dismissal of this action, brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA"), was warranted for lack of subject matter jurisdiction and for improper venue pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(3). Alternatively, Defendant sought to transfer this case pursuant to 28 U.S.C. §§ 1404(a) and 1406(a).

In his opposition to Defendant's motion for dismissal or, alternatively, transfer, Plaintiff does nothing to refute Defendant's arguments. Rather, Plaintiff again makes the same conclusory allegations made in his complaint and his motion for partial summary judgment. He again cites to the same federal statutory provisions he previously cited to in his Complaint in support of his argument that the Secretary of the Treasury breached a duty owed to Plaintiff by failing to "have a bond, stipulation, or other undertaking in the judicial proceedings STATE OF OREGON v. Frank Everett Voth, 8912-37108 . . . ." Compl. ¶ 8; Plaintiff's Response to

Defendant's Motion to Dismiss or Transfer of Venue ("Pl.'s Opp'n") at 3.  However, Plaintiff's arguments do not preclude dismissal of this action and accordingly Defendant requests that this action be dismissed with prejudice.  Alternatively, because venue more appropriately lies in the District of Oregon, transfer of this action is warranted.

## ARGUMENT[1]

**I.     THIS ACTION IS FRIVOLOUS.**

In response to Defendant's argument that this action is frivolous, Plaintiff contends that because he was granted the right to proceed in forma pauperis, there can be no finding that this action is frivolous.  Pl.'s Opp'n at 1.  However, because the court has not ruled on the merits of Plaintiff's claims, merely granting Plaintiff's motion to proceed in forma pauperis does not translate into a finding that Plaintiff has stated a basis under the law for relief.  Rather, as Defendant argued, Plaintiff's complaint has no basis in law.  He has failed to point to any statutory duty on behalf of the Secretary of the Treasury to have issued a bond in Plaintiff's state criminal proceedings; accordingly, the fact that no such bond has been located does not support a claim against the United States.  For this reason, Plaintiff's complaint should be dismissed as frivolous.  See Hazel v. Reno, 20 F. Supp. 2d 21, 24 (D.D.C. 1998) (dismissing pro se complaint as frivolous where it was clearly barred by established law); Voth v. Herrell, 38 F.3d 1219 (9th Cir. 1994) (Ninth Circuit affirmed district court's dismissal of Mr. Voth's claim as frivolous

---

[1] Defendant has attempted to address each of the arguments that Plaintiff has raised in his opposition.  However, Plaintiff's contention that Defendant's motion to dismiss is "a pleading presented for [an] improper purpose[ ]," and thus forbidden by Fed. R. Civ. P. 11(b)(1), Pl.'s Opp'n at 1, is completely without merit.  Clearly, Defendant has a basis in law and fact for asserting its arguments, and, as is discussed, Plaintiff has failed to establish that his claims are viable under the law.

where the defendants he named were absolutely immune from suit and because judgment would imply the invalidity of his prior conviction[,]" in violation of Heck v. Humphrey, 512 U.S. 477 (1994)).[2]

## II.   THIS ACTION IS NOT TIMELY.

Defendant previously argued that this action is untimely because, pursuant to 28 U.S.C. § 2401(b), "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ." Plaintiff's criminal conviction, from which his alleged injury arose, occurred in 1989. He did not file this action until August 31, 2006, and he has offered no justification for waiting 17 years after his conviction to investigate the facts and circumstances supporting this claim. Plaintiff argues that his cause of action did not begin to accrue until August 31, 2005, when in response to his request sent pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") he was told that the copy of the bond he sought had been "lost and/or destroyed . . . ." Pl.'s Opp'n at 4 (citing Exhibit 1D).[3] However, a claim is found to accrue, for purposes of section 2401(b), when the claimant "knows both the existence and the cause of his injury." Loughlin v. United States, 230 F. Supp. 2d 26, 39 (D.D.C. 2002) (quoting United States v. Kubrick, 444 U.S. 111, 120

---

[2]Plaintiff has argued that his complaint in this case is not precluded by Heck and thus dismissal is not warranted on that basis. Pl.'s Opp'n at 4. As Defendant did not argue that Heck applied to this case, Defendant is in agreement with Plaintiff on this limited issue.

[3]In actuality, Exhibit 1D, which Plaintiff cites for the proposition that the information he sought was "lost and/or destroyed" does not state that the records Plaintiff sought were lost and/or destroyed. Plaintiff's Motion for Partial Summary Judgment ("Pl.'s Mot."), Ex. 1D. Rather, the United States Department of Justice, Executive Office for United States Attorneys, informed Plaintiff that the records he sought were "maintained by state or local agencies . . . ." and that he should therefore "contact the pertinent state or local agency for a response to [his] request." Id.

(1979)).  Clearly, Plaintiff must have known of his alleged injury, in the amount of two hundred million dollars, Compl. at 3, prior to the time he decided to file his FOIA request.  Accordingly, there is simply no basis for holding that Plaintiff's cause of action did not accrue until the time his FOIA request was denied.  Therefore, dismissal of the Complaint on untimeliness grounds is warranted.

**III.    PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER THE FTCA.**

In its motion for dismissal, Defendant contended that Plaintiff's complaint, in which he asserts repeatedly that various federal statutory provisions obligated the Secretary of the Treasury "to have a bond, stipulation, or other undertakings . . ." in Plaintiff's state criminal proceedings, compl. ¶ 8 (emphasis added), failed to state a claim upon which relief can be granted.  Aside from the fact that the statutory provisions Plaintiff cites pertain to corporate law, see, e.g., 31 U.S.C. § 9304 ("Sureties and Surety Bonds"); 31 U.S.C. § 9305 ("Sureties and Surety Bonds"), and do not support his argument that they imposed a duty on the Secretary of the Treasury to provide and/or maintain copies of any bonds in Plaintiff's state criminal proceeding, these statutes do not find analogous support in tort law, a requirement for a FTCA claim.  See 28 U.S.C. § 1346(b) (the federal government will be liable in tort "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.").  There obviously is no private party analogue to what Plaintiff is claiming here, because private parties cannot authorize a corporation to provide surety bonds.  31 U.S.C. § 9305(b).  Accordingly, dismissal is warranted under Federal Rule of Civil Procedure 12(b)(6).

**IV.     VENUE PROPERLY LIES IN THE DISTRICT OF OREGON.**

Finally, as it concerns venue, Plaintiff does not dispute Defendant's arguments that the events giving rise to his cause of action took place in Oregon. Plaintiff relies upon the Secretary of the Treasury's location in this district to maintain his lawsuit here and contends that "a cause of action sounding in tort arises in the jurisdiction 'where the last act necessary to establish liability occurred,' i.e., 'the jurisdiction in which the injury was received!'" Pl.'s Opp'n at 3. However, according to Plaintiff's own statement, venue is proper in Oregon since that is where Plaintiff resides and where his injury was <u>received</u>.

In any event, Plaintiff has failed to contest Defendant's arguments that if the Court were to determine that venue is proper here, this case should nevertheless be transferred to Oregon, where Plaintiff resides, and where the relevant witnesses would be located, pursuant to 28 U.S.C. § 1404(a). Plaintiff is a resident of the State of Oregon. Compl. ¶ 1. He provides no arguments as to why it would be more convenient for him to litigate his case in this forum when he does not reside here and when the witnesses with direct knowledge of his claims reside in Oregon. Additionally, Plaintiff has not contested Defendant's argument that he has not alleged any personal involvement or knowledge by the Secretary of the Treasury in Plaintiff's state court criminal proceedings. <u>See</u> <u>Cameron v. Thornburgh</u>, 983 F.2d 253, 256 (D.C. Cir. 1993) ("Courts in this Circuit must examine challenges to . . . venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia. By naming high government officials as defendants, a plaintiff could bring a suit here that properly should be pursued elsewhere."). For these reasons, Plaintiff's choice of forum is entitled to less weight when, as here, that forum is outside of Plaintiff's home jurisdiction. <u>Stewart v. Capitol Area Permanente</u>

<u>Medical Group</u>, 720 F. Supp. 3, 5 (D.D.C. 1989).

## CONCLUSION

For the reasons stated above, as well as those set forth in Defendant's motion to dismiss, or in the alternative, to transfer venue, dismissal of Plaintiff's complaint is warranted. In the event that the Court determines that dismissal should not be granted, this action should be transferred to the District of Oregon.

                                              Respectfully submitted,

                                              /s/ Jeffrey A. Taylor
                                          JEFFREY A. TAYLOR, D.C. BAR # 498610
                                          United States Attorney

                                              /s/ Rudolph Contreras
                                          RUDOLPH CONTRERAS, D.C. BAR # 434122
                                          Assistant United States Attorney

                                             /s/ Michelle N. Johnson
                                          MICHELLE N. JOHNSON, D.C. BAR # 491910
                                          Assistant United States Attorney
                                          United States Attorney's Office
                                          Civil Division
                                          555 4th Street, N.W. – Room E4212
                                          Washington, D.C. 20530
                                          (202) 514-7139

                                            COUNSEL FOR DEFENDANT

Of Counsel:

John F. Schorn
Deputy Assistant General Counsel
General Law Ethics
Department of the Treasury
Washington, DC 20220

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing Defendant's Reply in Further Support of Its Motion to Dismiss, or in the Alternative, to Transfer Venue was mailed by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

Mr. Frank Voth
SID 6100632
Oregon Department of Corrections – SRCI
777 Stanton Blvd.
Ontario, OR 97914

on this 12th day of February, 2007.

                                        /s/
                              MICHELLE N. JOHNSON