**RECEIVED ORIGINAL**

Mr. Frank Voth
Sid: [6100632]
82911 Beach Access Road
Umatilla, Oregon [97882]

FEB 1 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Pro Se Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

Frank Voth,                    )   Case No. 06-1549-RWR
                               )
    Plaintiff,                 )
                               )
vs.                            )   VERIFICATION IN SUPPORT
                               )   OF RESPONSE TO DEFENDANTS
UNITED STATES OF AMERICA,      )   MOTION TO DISMISS OR
                               )   TRANSFER VENUE
    Defendants.                )

   1. I Am, Frank Voth, the plaintiff in the abovecited civil action in accordance with 28 USC § 1746.

   2. I Am making this Verification in support of my response to the defendants motion to dismiss or transfer venue of this action.

   3. On June 22, 2005, plaintiff filed a request under the 'Freedom of Information Act,' 5 USC § 552, requesting the defendant's agent provide **"ALL CRIMINAL BONDS"** pertaining to the Judicial proceedings and undertaking in State v. Voth, 8912-37108. **See Exhibit 1A.**

   4. On August 2, 2005, Ronald Deacon, of the U.S. Department of Justice informed plaintiff that his request under 5 USC § 552 for the aforesaid Criminal Bonds was refered to the DOJ Component(s) **most likely to have the Bonds. See Exhibit 1B & 1C.**

   5. On March 31, 2005, Marie A. O'Rourke of the Executive Office for U.S Attorneys Freedom of Information Staff, notified plaintiff that his request had been assigned number 05-2384, and that the defendants agent <u>does not</u> have a record of the aforesaid Criminal Bonds pursuant to Title 31 USC §§ 9304 & 9305. **See Exhibit 1D.**

//

/

Page 1-VERIFICATION IN SUPPORT OF RESPONSE TO DEFENDANTS
MOTION TO DISMISS OR TRANSFER VENUE

14. Title 28 USC § 1346(b)(1) & 31 USC § 9307(a)(1)(2)(D)(b), specifically were enacted by Congress to provide money damages for injury and loss of property from the neglect, wrongful acts and omissions of the defendant's agents loss of the Criminal Bonds pertaining to State v. Voth, Supra. **See Exhibit 1A; 1B & 1C.**

15. The "**District Of Columbia,**" is the District which the defendant's agents office is located, and the place of his employment, where the bonds for State v. Voth, Supra had to be **authorized in writing by the Secretary of the Department of Treasury.** See Title(s) 31 USC § 9307; 31 USC § 321(a)(2); 31 USC § 9304 & 31 USC § 9305.

16. The "**fact**" that the defendant's agent has loss the bonds pertaining to State v. Voth, Supra, does not constitute any grounds for attacking the actual conviction rendered in the judicial proceedings and undertaking pertaining to this action. **See Title 28 USC § 1346(b)(1) & 31 USC §§ 9304-05 & 07.**

17. Plaintiff has standing to bring this action in the '**District Of Columbia**' against the defendant's agent to be comepensated fairly for injuries caused by the Secretary of the United States Treasury loss of the records and bonds pertaining to State v. Voth, Supra, because no where in the complaint does plaintiff call into qestion the lawfulness of his contining confinement or seek immeadiate or speedier relief. **See Complaint.**

18. After the Multnomah County Circuit Court notified plaintiff on October 27, 2005, that the bonds pertaining to State v. Voth, Supra, would be $20,000 per count; plaintiff offered to negotiate a settlement of his Administrative Tort Claim to redress the loss of the criminal bonds by the defendant's agent which would 'Charge-Back' the debt owed for the Criminal Bonds lost be the defendant's agent pertaining to State V. Voth, Supra, **See Exhibit 5; 7 & 8.**

19. As of this date the defendant's agent has not located the <u>lost bonds</u> pertaining to the judicial undertaking in State v. Voth, Supra, which Federal law(s) required him to authorize in writing to be issued, and to keep a record of said bonds on plaintiff's behalf.

///

//

/

Page 3-VERIFICATION IN SUPPORT OF RESPONSE TO DEFENDANTS MOTION TO DISMISS OR TRANSFER VENUE

6. On October 1, 2005, plaintiff requested the Multnomah County Circuit Court to provide him 'Certified Copies' of the 'Penal Bonds' pertaining to State v. Voth, Supra. **See Exhibit 2A.**

7. On February 13, 2006, plaintiff filed a "Administrative Notice Of Tort Claim," in accordance with 28 USC § 1346 (b)(1) to redress the defendant's agent **"wrongful acts and omissions which caused the loss of the aforesaid bonds while acting within the scope of his office and employment."** See Exhibit 3A; 3B & 3C.

8. On March 17, 2006, the Correspondence Management Staff of the U.S. DOJ notified plaintiff that their office had received the aforesaid Administrative Notice Of Tort Claim, and forward it to the Department Of Treasury; however, **"it may take some time to look thoroughly into the issue you have raised."** See Exhibit 4.

9. On March 29, 2006, plaintiff wrote the Department of Treasury informing them that he had receieved the aforemention correspondence and offered a remedy to redress **the loss of the bonds** pertaining to State v. Voth, Supra. **See Exhibit 5A.**

10. On September 5, 2006, the Civil Division of the U.S. DOJ Federal Tort Claim Staff notified plaintiff that their office had received plaintiff's Administrative Notice Of Tort Claim, dated February 13, 2006, and, they were forwarding it to the "Honorable Arnold I. Haven, General Counsel of the U.S. Department of Treasury" to resolve. **See Exhibit 6 & 7.**

11. On September 18, 2006, plaintiff wrote the Honorable Arnold I. Haven, informing him of the September 5, 2006, Notice from the U.S. DOJ and offered a remedy to resolve the loss of the bonds pertaining to State v. Voth, Supra. **See Exhibit 7 & 8.**

12. The defendant's agent has ackowledge that he had a duty to keep the Criminal Bonds plaintiff requested from the Department of Treasury: and has dilengently attempted to locate them after someone within the Department of Treasury Office lost the records of the Bonds. **See Exhibit 6; 7 & 8.**

13. The U.S. Department of Treasury is the **ONLY** individual(s) authorized in writing to allow surety bonds to be provided for the **"bonds and undertaking in the judicial proceedings"** State v. Voth, Supra. See Exhibit 6 & 7.

Page 2-VERIFICATION IN SUPPORT OF RESPONSE TO DEFENDANTS MOTION TO DISMISS OR TRANSFER VENUE

|   |   |
|---|---|
| 1 | VERIFICATION |
| 2 | "I VERIFY UNDER THE PENALTY OF PERJURY OF THE LAWS OF THE UNITED STATES OF AMERICA IN THE NATURE OF [28 USC § 1746], THAT I HAVE READ AND PREPARED THE FOREGOING STATEMENTS, AND KNOW THE CONTENTS THEREOF, AND THAT THE INFORMATION STATED HEREIN IS TRUE, CORRECT AND COMPLETE TO THE BEST OF MY KNOWLEDGE AND BELIEF!" |

Dated: February 13, 2007.

Without Prejudice,

*/s/ Frank Voth*
Frank Voth-[6100632]
82911 Beach Access Road
Umatilla, Oregon [97882]

Pro Se Plaintiff

//////////
//////////
/////////
////////
///////
//////
/////
////
///
//
/

Page 4-VERIFICATION IN SUPPORT OF RESPONSE TO DEFENDANTS MOTION TO DISMISS OR TRANSFER VENUE

# CERTIFICATE OF SERVICE

I hereby certify and depose that I served the attached:

VERIFICATION IN SUPPORT OF RESPONSE TO DEFENDANTS

MOTION TO DISMISS OR TRANSFER VENUE

on the below listed interested person/parties, by mailing a true and correct photocopy and/or original with first-class postage affixed, placing the same in the T.R.C.I. Legal mail depository on:

DATED this __13th__ day of __February__, 20 __07__.

Number of copies sent (__1__) to:

Michelle N. Johnson

U.S. Assistant Attorney General

555 4th Street, NW-RM E4212

Washington, D.C. 20530

Number of copies sent (____) to:

Number of copies sent (____) to:

Number of copies sent (____) to:

Print Name: Frank Voth

Inmate No.: [6100632]

Two Rivers Corr. Inst.
82911 Beach Access Rd.
Umatilla, OR 97882-9419

CERTIFICATE OF SERVICE
- SOLO AT REAR -