ORIGINAL

RECEIVED

MAR 0 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Mr. Frank Voth
Sid: [6100632]
82911 Beach Access Road
Umatilla, Oregon [97882]

Pro Se Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Frank Voth,        )<br>            )<br>    Plaintiff,   )<br>            )<br>vs.         )<br>            )<br>UNITED STATES OF AMERICA,  )<br>            )<br>    Defendant.  ) | Case No. 06-1549-RWR<br><br><br>SUPPLEMENTAL RESPONSE TO<br>DEFENDANTS MOTION TO DISMISS<br>OR TRANSFER VENUE |

    Plaintiff submits, "he has contested and dispute the defendant's argument that venue properly lies in the District of Oregon."

    There is not one witness from the Department of Treasury in Washington, D.C., who resides in the State of Oregon who is "required to perform" any of the duties Congress has imposed for the "Secretary of the Treasury" of the United States under Title 31 USC § 9305(a)(b).

    Plaintiff's **injury** could not possibly have happen in the State of Oregon because as the complaint states:

> "* * * the Secretary of the Treasury has a legal duty imposed by federal laws and rules to have a Bond, stipulation, or other undertakings in the judicial proceedings State v. Voth, 8912-37108 secured by a Corporate Surety holding a Certificate of Authority from the Secretary of Treasury for the United States." See, Complaint at Page 2-Paragraph 8.

    The defendant is mistaking, and misleading the court, alleging that a "**Private person**" cannot be held liable for failure to satisfy the law to give a surety bond through a surety for "**bonds and undertakings in judicial proceedings,**" if the individual "**neglects**" to comply with the federal laws Congress has enacted under Title 31 USC § 9305.

/
Page 1-SUPPLEMENTAL RESPONSE TO DEFENDANTS MOTION TO DISMISS OR TRANSFER VENUE

Without a **"Private Person"** filing with the Secretary of the Treasury before becoming a surety under Section 9304: and having the Secretary authorize in writing for a **"Private Person"** to provide surety bonds and undertakings in judicial proceedings in accordance with 9305; **a "Private Person" may be held liable for money damages from the injury and damage caused by the neglect and wrongful act(s) and omissions Congress has enacted as federal laws governing surety bonds!**

The defendant simply opposes tort liability for the injury and damage caused by its employee's neglect and loss of property which Congress enacted federal laws for the Secretary of the Treasury to perform.

This is a claim under the Federal Tort Claim Act. If a private defendant would be liable for harm caused by failure to carry out a mandatory duty for the benefit of a specific person protected by a statute, the Federal Tort Claim Act makes a public defendant liable in the same manner. That policy decision was made by Congress under Title 31 USC § 9307; it is not a new policy choice to be made in this case.

The governing standard of conduct is set by the statutes, not by plaintiff. If a statute merely calls on its addressee to exercise due care, that is the standard. The statutes in this case at bar, however, demand more of the defendant's employee than the exercise of reasonable judgment whether to authorize in writing a surety corporation to provide surety bonds under section 9304 for bonds and undertakings in judicial proceedings; they mandate that the defendant's employee perform such duties. That is the point of the statute 31USC § 321(a)(2).

This is not a **"doubtful case."** A claim for relief for negligent failure to act is implicit in the aforecited statutes and a violation of said stautes would be negligence per se. When, as here, the evidence establishes that a party has violated a statute, such a party has the burden of producing evidence that, nevertheless, he was acting reasonably. Without such evidence the party is negligent as a matter of law. **Barnum v. Williams, 264 Or. 71, 79 (1972).**

Plaintiff in this present case had a legal right, implied by statute, to expect the defendant's employee to perform his duties Congress enacted under Title 31 USC § 321(a)(2), on behalf of the **"Federal Corporation United States."** 28 USC § 3002(15)(A)(B)(C). Plaintiff may recover damages for mental distress, whether accompanied by physical disability or not, because such damages were caused by the defendant's employee violation of the statute. See, **Brennen v. City of Eugene, 285 Or. 401 (1979).**

Page 2-SUPPLEMENTAL RESPONSE TO DEFENDANTS MOTION TO DISMISS OR TRANSFER VENUE

1  The defendant, under the (FTCA), will be liable for such damages caused by the neglect, and loss of property, its
2  employee was required to provide a surety bond and undertakings in the judicial proceedings **State v. Voth, Supra,** unless the
3  defendant's employee can produce said bonds.

4  **Moreover,** it is Congress, not plaintiff, who has enacted the federal law under Title 31 USC § 9307(a)(1)(2)(D)(b),
5  prohibiting the Secretary of the Treasury for the Federal Corporation United States, in Washington, D.C., from denying
6  his power to provide a surety bond or assume liability for the wrongful act(s) and omissions which has caused injury
7  and damage to plaintiff. See, FRCP 11(a)(1)(b)(1)(2).

8  **Wherefore,** considering the defendant's employee has not **lost the bonds,** and complied with the governing standard of
9  conduct Congress has required the Secretary of the Treasury to perform; produce the Bonds plaintiff requested pursuant to
10  5 USC § 522 and this cause of action will be **"MOOT"**...

11
12                              VERIFICATION

13  "I VERIFY UNDER THE PENALTY OF PERJURY OF THE LAWS OF THE UNITED STATES OF AMERICA IN THE NATURE OF [28 USC § 1746],
14  THAT I HAVE READ AND PREPARED THE FOREGOING STATEMENTS, AND KNOW THE CONTENTS THEREOF, AND THAT THE INFORMATION STATED
15  HEREIN IS TRUE, CORRECT AND COMPLETE TO THE BEST OF MY KNOWLEDGE AND BELIEF!"

16
17  Dated: March 5, 2007.

    Without Prejudice,
18
19
20
21  _Frank Voth_
    Frank Voth-[6100632]
22  82911 Beach Access Road
    Umatilla, Oregon [97882]
23
    Pro Se Plaintiff
24
25  //

26  /
    Page 3-SUPPLEMENTAL RESPONSE TO DEFENDANTS MOTION TO DISMISS OR TRANSFER VENUE

CERTIFICATE OF SERVICE

I hereby certify and depose that I served the attached:

SUPPLEMENTAL RESPONSE TO DEFENDANTS MOTION TO DISMISS

OR TRANSFER VENUE

on the below listed interested person/parties, by mailing a true and correct photocopy and/or original with first-class postage affixed, placing the same in the T.R.C.I. Legal mail depository on:

DATED this __5th__ day of __March__, 20 __07__.

**Number of copies sent ( 1 ) to:**

Ms. Michelle N. Johnson

Assistant United States Attorney

555 4th Street, NW-RM E4212

Washington, D.C. 20530

**Number of copies sent (__) to:**

**Number of copies sent (__) to:**

**Number of copies sent (__) to:**

Print Name: Frank Voth

Inmate No.: [6100632]

Two Rivers Corr. Inst.
82911 Beach Access Rd.
Umatilla, OR 97882-9419

CERTIFICATE OF SERVICE
- SOLO AT REAR -

**AFFIDAVIT OF MAILING**

ORIGINAL

STATE OF OREGON   )
                  : ss
County of Umatilla)

I, Frank Voth, being duly sworn, depose and say that I deposited the attached Supplemental Response To Defendants Motion To Dismiss Or Transfer Venue in the U.S. Postal Service Office, postage prepaid, on this date:

5th, day of March.

Clerk of the Court

U.S. District Court

333 Constitution Avenue

Washington, DC 20001

Ms. Michelle n. Johnson

Assistant U.S. Attorney

555 4th Street, NW-RM E4212

Washington, D.C. 20530

_Frank Voth_
Signature of Affiant
Frank Voth-[6100632]

This instrument was acknowledged before me on March 5th, 20 07, by Frank Voth-Sid No. 6100632.

_Sharon Jean Justus_
NOTARY PUBLIC
MY COMMISSION EXPIRES: 08-30-09

OFFICIAL SEAL
SHARON JEAN JUSTUS
NOTARY PUBLIC-OREGON
COMMISSION NO. 394353
MY COMMISSION EXPIRES AUG. 30, 2009